*Kase & Druker*
*Counsellors at Law*
*1325 Franklin Avenue*
*Suite 225*
*Garden City, N.Y. 11530*

JAMES O. DRUKER*
SCOTT M. DRUKER

——
COUNSEL
HONORABLE JOHN L. KASE (Ret.)
PAULA SCHWARTZ FROME
ALAN G. KRAUT

* (MEMBER N.Y., MASS. & FLA BAR)
jim@kaseanddrukerlaw.com
scott@kaseanddrukerlaw.com

**(516) 746-4300**
**FAX NO. (516) 742-9415**

WESTCHESTER OFFICE
136 PALMER AVENUE
MAMARONECK, N.Y. 10543
(914) 834-4600

——
SARASOTA OFFICE
JAMES O. DRUKER
408 GULF OF MEXICO DRIVE
LONGBOAT KEY, FLORIDA 34228
(941) 383-3500

October 24, 2019

Hon. Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Anilao v. Spota
10 CV 0032

Dear Judge Block:

We write in response to the letter of Howard Fensterman, Esq., purporting to revoke the consent to settlement that Mr. Landa unequivocally gave to his counsel on Thursday, October 17, 2019.

It is our position that the defendants made a binding agreement with the plaintiffs in open Court, and that subsequent "buyers' remorse" by only one of two owners of two of the defendants, who purports to revoke consent only as "co-manager," cannot abrogate that agreement. Mr. Landa has not provided this Court with any evidence, other than his statement, that his status as "co-manager" would allow him to revoke the consent he personally gave previously on behalf of those entities. Indeed Mr. Philipson, who is, at least, also a "co-manager," affirms that the settlement was given and stands by it. It is plaintiffs' position that any current attempt to revoke that binding consent is an issue between the partners and cannot abrogate the agreement previously reached by the parties.

In addition, it is our opinion that the oral stipulation is fully enforceable, despite Mr. Landa's attempts to disavow it. In *Winston v. Mediafare Entertainment Corp.,* 777 F.2d 78 (2d Cir. 1986), the Court considers four factors in determining the enforceability of an oral settlement: (1) whether there has been an express reservation of rights not to be bound in the absence of a written agreement; (2) whether there has been partial performance of the contract; (3) whether all of

*Kase & Druker*

the terms of the alleged contract have been agreed upon; (4) whether the contract is one that is usually committed to writing. No one factor is dispositive. Here, the parties considered themselves bound by the agreement, and the writing was simply a memorialization. The terms of the settlement were recited and agreed-upon in open Court. Based upon the agreement, the parties ceased trial preparation and released subpoenaed witnesses. All of the terms of the settlement were agreed upon by the parties prior to Mr. Landa's unilateral revocation of his consent. Although a writing is contemplated, this factor should not be dispositive. Moreover, counsel for Mr. Philipson has confirmed that the settlement was reached and continues to consider it enforceable. In *Doe v. Kogut,* 759 Fed. Appx. 77 (2d Cir. 2019), the Second Circuit recently enforced an oral settlement agreement where the plaintiff had a subsequent "change of heart." *See also, American Home Assurance Company v. Central Transport International, Inc.,* 354 Fed. Appx. 499 (2d Cir. 2009)

However, should the Court allow Mr. Landa to revoke his previously-given consent, it is our position that the settlement should go forward as to all defendants other than Avalon and Sentosa Care. We will be ready to commence that trial on October 28, 2019, as originally scheduled. We will not consent to any adjournments.

Very truly yours,

JAMES O. DRUKER

OSCAR MICHELEN

cc: Counsel of Record (VIA ECF)