*Kase & Druker*
*Counsellors at Law*
*1325 Franklin Avenue*
*Suite 225*
*Garden City, N.Y. 11530*

JAMES O. DRUKER*
SCOTT M. DRUKER

———
COUNSEL
HONORABLE JOHN L. KASE (Ret.)
PAULA SCHWARTZ FROME
ALAN G. KRAUT

* (MEMBER N.Y., MASS. & FLA BAR)

jlm@kaseanddrukerlaw.com
scott@kaseanddrukerlaw.com

(516) 746-4300
FAX NO. (516) 742-9415

WESTCHESTER OFFICE
136 PALMER AVENUE
MAMARONECK, N.Y. 10543
(914) 834-4600

———
SARASOTA OFFICE
JAMES O. DRUKER
408 GULF OF MEXICO DRIVE
LONGBOAT KEY, FLORIDA 34228
(941) 383-3500

October 31, 2019

**Filed Via ECF**

Honorable Frederic Block
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Anilao v. Spota
Case No. 10 CV 0032 (FB)

Dear Judge Block:

As the attorneys for the eleven plaintiffs in the above recently-settled case, we write to Your Honor about attorney Howard Fensterman, regarding whose conduct Your Honor considered holding a hearing.

By way of reminder, Mr. Fensterman upset the proverbial applecart last week, causing the settlement to temporarily fall apart, when he represented to the Court that his non-party client, Benjamin Landa, purportedly on behalf of Defendant Avalon Gardens, had not agreed to the settlement terms. Despite being ordered by the Court to personally appear last Friday, Mr. Fensterman sent Amy Marion, Esq. to respond to the Court's Order. At the conference, Ms. Marion either knowingly or unwittingly made several material misrepresentations to the Court and counsel. One example is her statement that Mr. Landa was extremely upset when he learned that the settling parties had agreed to remove Defendant Bent Philipson's name from the settlement document. This was patently false. Indeed no such request had ever been made by Mr. Philipson's counsel, and Mr. Philipson's name was included throughout the documents to which he was required to be both a signatory and a guarantor. Moreover, as Mr. Fensterman and Ms. Marion both well knew, their client, as a minority shareholder in Avalon, lacked standing to object to the settlement.

*Kase & Druker*

We subsequently learned that Mr. Fensterman's unwarranted intervention in this case was not the product of concerns for his client's well-being, but rather was motivated by a desire to use the Court to assist him with collecting legal fees purportedly owed to him by one or more Sentosa entities, for legal work performed on wholly unrelated matters. Apparently, it was only when the issues regarding his fees were resolved to his satisfaction, that Mr. Fensterman allowed Mr. Landa to withdraw his opposition to the settlement. By then, the Court, the parties and counsel were all greatly inconvenienced. For our part, our clients were placed in limbo, unsure of whether the case was settled or if they were going to trial on October 28th ; we were forced to cancel and postpone appointments in order to travel into Brooklyn on short notice to respond to Mr. Fensterman's specious claims; and we then had to spend the entire day on a matter that had been resolved and was disrupted for no valid purpose. If the above information is borne out at a hearing, Mr. Fensterman's actions amounted to naked extortion, warranting, at the very least, sanctions by the Court.

Accordingly, we ask Your Honor to take whatever action(s) you deem appropriate.

Respectfully submitted,

James O. Druker, Esq.     and    Oscar Michelen, Esq.